1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

9    BENITO FEBRE,                          CV F  05 563 REC SMS P

10                 Plaintiff,

11        v.                                ORDER DISMISSING COMPLAINT WITH
                                            LEAVE TO AMEND (Doc. 1.)
12
     GEO GROUP INC., et. al.,
13
                 Defendants.
14   _____/

15

16        Benito Febre ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in

17   this civil action.  Plaintiff seeks relief pursuant to Bivens v. Six Unknown Named Agents of

     Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil
18
     rights by federal actors.  Plaintiff filed the instant action on April 27, 2006, naming the Geo
19
     Group Inc., Warden Andrews, Asst. Mgr., J. Pendleton, Health Administrator Greaziak,
20
     Spokesperson Terry Craig, Dr. Johnathan Akanno, Chaplain Maurseth, Disciplinary Hearing
21
     Officer Bianco, and Counselor Robert Joyner as Defendants.
22
     **A.  SCREENING REQUIREMENT**
23
          The court is required to screen complaints brought by prisoners seeking relief against a
24
     governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
25
     court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
26
     "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
27
     monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
28

1

1   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

2   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

3   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

4        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

6   support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

7   467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

8   Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

9   complaint under this standard, the court must accept as true the allegations of the complaint in

10  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

11  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

12  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13  **B.  SUMMARY OF COMPLAINT**

14       Plaintiff alleges that Defendant's failed to scheduled him for a particular surgical

15  procedure in violation of his Eighth Amendment Rights.  Plaintiff also contends that he has been

16  unconstitutionally denied a religious diet in violation of his First Amendment rights.  Plaintiff

17  also complains that a previously scheduled legal telephone call was missed and that this caused

18  him to use the institutional phone system which was monitored.  Plaintiff requested that the time

19  spent on the institutional phone call not be counted against his monthly allotted minutes

20  designated for family, however, his request was denied.  Plaintiff contends this violated his

21  access to the Courts.

22       The Complaint further alleges that Plaintiff has been denied equal protection during a

23  disciplinary hearing, makes an allegation of conspiracy and accessory after the fact, and contends

24  that Plaintiff has lost sleep which is the basis of the Intentional Infliction of Emotional Distress.

25  Plaintiff also lists Respondeat Superior as a basis for his Complaint.

26  **C.  CLAIMS FOR RELIEF**

27       *1.  Eighth Amendment Medical*

28       A prisoner's claim of inadequate medical care does not constitute cruel and unusual

1   punishment unless the mistreatment rises to the level of "deliberate indifference to serious

2   medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference"

3   standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in

4   objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing*

5   Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a

6   "sufficiently culpable state of mind," which entails more than mere negligence, but less than

7   conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.

8   A prison official does not act in a deliberately indifferent manner unless the official "knows of

9   and disregards an excessive risk to inmate health or safety." Id.

10          In applying this standard, the Ninth Circuit has held that before it can be said that a

11   prisoner's civil rights have been abridged, "the indifference to his medical needs must be

12   substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

13   cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing*

14   Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or

15   treating a medical condition does not state a valid claim of medical mistreatment under the

16   Eighth Amendment.  Medical malpractice does not become a constitutional violation merely

17   because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.

18   County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050

19   (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136

20   (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate

21   indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

22   1990).

23          In this case, Plaintiff's Complaint alleges that Defendants have violated his Eighth

24   Amendment rights because they failed to schedule him for a recommended surgery by an outside

25   Orthopedic Specialist.  Plaintiff's allegations, however, fail to state a claim.  As noted in the

26   Complaint, an outside Doctor recommended that Plaintiff undergo a particular surgical procedure

27   for his hand, however, Defendant Dr. Akanno determined that such procedure was medically

28   unnecessary.  "A difference of opinion between a prisoner-patient and prison medical authorities

1   regarding treatment does not give rise to as 1983 claim." Franklin v. Oregon, 662 F.2d 1337,

2   1344 (9th Cir.1981) (*internal citation omitted*). To prevail, plaintiff "must show that the course

3   of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that

4   they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v.

5   McIntosh, 90 F.3d 330, 332 (9th Cir.1986) (internal citations omitted).

6        In this instance, Plaintiff has not alleged any facts that would support a claim that

7   Defendant Parkinson "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or

8   safety." Farmer v. Brennan, 511 U.S. at 837.   Plaintiff's allegations indicate a disagreement with

9   the course of treatment chosen by Defendant Dr. Akanno for Plaintiff's condition.  This is an

10  insufficient basis upon which to impose liability under Section 1983.

11       ***2. Access to Courts***

12       The Ninth Circuit has held that "[p]risoners have a First Amendment right to telephone

13  access subject to reasonable security interests.  Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir.

14  1996) (*citing* Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986.)); Carlo v. City of

15  Chino, 105 F.3d 493, 496 (9th Cir. 1997); Henry v. County of Shasta, 132 F.3d 512, 519 (9th Cir.

16  1997.) Certain limitations or restrictions on telephone access can amount to a denial of an

17  inmate's right under the due process clause of the Fourteenth Amendment, but only if they

18  interfere with an inmate's access to the Courts.

19       Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey,

20  518 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a grievance the

21  inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil

22  rights actions.  Id. at 354.  The State is not required to enable the inmate to discover grievances

23  or to litigate effectively once in court.  Id.

24       The facts alleged in Plaintiff's complaint do not demonstrate a due process violation or a

25  violation of Plaintiff's first amendment rights.  Plaintiff concedes that he was able to speak with

26  his attorney but that he was forced to use the institutional telephone system which is monitored

27  by staff due to a scheduling error and of his own accord.  Plaintiff further complains that the use

28  of the institutional telephone system for legal purposes was counted against his allotted monthly

1  minutes but that the institution refused to credit him.  Plaintiff does not allege a denial of the use

2  of the telephone for legal purposes nor does he allege facts that would indicate a denial of access

3  to the courts.  As such, on the facts alleged, Plaintiff fails to state a cognizable claim for relief

4  under the Due Process clause or the First Amendment.

5           *3.  First Amendment  - Religious Diet*

6           The First Amendment to the United States Constitution provides that Congress shall

7  make no law respecting the establishment of religion, or prohibiting the free exercise thereof.

8  U.S. Const., amend. I.  The United States Supreme Court has held that prisoners retain their First

9  Amendment rights, including the right to free exercise of religion.  O'Lone v. Estate of Shabazz,

10  482 U.S. 342, 348 (1987).  The Court has also recognized that limitations on a prisoner's free

11  exercise rights arise from both the fact of incarceration and from valid penological objectives.

12  Id.; McElyea v. Babbit, 833 F. 2d 196, 197 (9th Cir. 1987).

13           Prison regulations alleged to infringe on the religious exercise right must be evaluated

14  under the "reasonableness" test set forth in Turner v. Safley, 482 U.S. 78, 89-91 (1987). O'Lone,

15  382 U.S. at 349; Freeman v. Arpaio,125 F.3d 732, 736 (9th Cir. 1997) (recognizing that the

16  United States Supreme Court's recent decision in City of Boerne v. P.F. Flores, 521 U.S. 507

17  (1997), invalidated the Religious Freedom Restoration Act and restored the "reasonableness test"

18  as the applicable standard in free exercise challenges brought by prison inmates).

19           Plaintiff alleges that he is a devout practitioner of the Islamic Faith but that he has been

20  denied a Kosher diet.  Plaintiff concedes that when he requested that he be taken off the mainline

21  because pork was being served, the Chaplain informed him that the only diet available to Islamic

22  inmates was a meatless alternative diet.  Plaintiff, however, preferred the Kosher diet which, he

23  was told, was limited to those inmates practicing the Jewish religion.

24           The Court finds that Plaintiff's allegations fail to state a claim under the First

25  Amendment.  The facts alleged that Plaintiff's religious dietary needs were accommodated but

26  that Plaintiff preferred a different diet for unknown reasons.  That Plaintiff was denied a diet of

27  his choice does not give rise to a constitutional violation under the First Amendment.

28           *4.  Equal Protection*

1    Equal protection claims arise when a charge is made that similarly situated individuals are

2    treated differently without a rational relationship to a legitimate state purpose.  See San Antonio

3    School District v. Rodriguez, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a

4    violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must show that

5    defendants acted with intentional discrimination against plaintiff or against a class of inmates

6    which included plaintiff.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal

7    protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208

8    F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal

9    Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia,

10   775 F.2d 998, 1010 (9th Cir. 1985).  "A plaintiff must allege facts, not simply conclusions, that

11   show that an individual was personally involved in the deprivation of his civil rights." Barren at

12   1194.

13       Although plaintiff alleges defendants violated the Equal Protection Clause of the

14   Fourteenth Amendment, Plaintiff has alleged no specific facts demonstrating that any of the

15   named Defendants acted with intentional discrimination against Plaintiff.  Plaintiff's allegation

16   concerns a disciplinary hearing, however, Plaintiff appears to be unhappy with events that

17   occurred during the hearing itself concerning how his witnesses were treated.  However, such

18   facts do not give rise to constitutional claim under the Equal Protection clause of the constitution.

19       **5. *Conspiracy***

20       In the context of conspiracy claims brought pursuant to section 1983, such a complaint

21   must "allege [some] facts to support the existence of a conspiracy among the defendants."

22   Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los

23   Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that

24   defendants conspired or acted jointly in concert and that some overt act was done in furtherance

25   of the conspiracy.  Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

26       In this instance, Plaintiff makes a conclusory allegation that Defendants conspired to

27   violate his Equal Protection rights.  However, Plaintiff provides no facts concerning what

28   occurred that constituted a conspiracy.  Further, Plaintiff fails to link any of the named

6

1   Defendants to an act or omission giving rise to such a conspiracy.  Accordingly, Plaintiff fails to

2   state a claim for relief.

3        ### 6. *Intentional Infliction of Emotional Distress*

4            Under California law, the elements of intentional infliction of emotional distress are: (1)

5   extreme and outrageous conduct by the defendant with the intention of causing, or reckless

6   disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

7   extreme emotional distress; and (3) actual and proximate causation of the emotional distress by

8   defendant's outrageous conduct.  Sabow v. United States, 93 F.3d 1445, 1454 (9th Cir. 1996)

9   (*citing* Christensen v. Superior Court, 54 Cal.3d 868 (1991)) (*quotations omitted*).

10           Here, other than the conclusory allegation that he suffered emotional distress, Plaintiff

11  provides no facts giving rise to a claim for Intentional Infliction of Emotional Distress.

12       ### 7. *Respondeat Superior*

13           Supervisory personnel cannot be held liable in a Bivens action for the actions of their

14  employees under a theory of respondeat superior.  Terrell v. Brewer, 935 F.2d 1015, 1018 (9th

15  Cir. 1991).  Accordingly, Plaintiff fails to state a claim on this basis.

16       ### 8. *Proper Defendant*

17           Plaintiff names the Geo Group as a Defendant in this action.  A Bivens cause of action is

18  not available against private entities, see Correctional Services Corp. v. Malesko, 534 U.S. 61,

19  71-72, 122 S.Ct. 515 (2001), or federal agencies, see FDIC v. Meyer, 510 U.S. 471, 486, 114

20  S.Ct. 996 (1994).

21  **D.  CONCLUSION**

22           The Court finds that Plaintiff's complaint does not contain any claims upon which relief

23  can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with

24  time to file an Amended Complaint curing the deficiencies identified above should he wish to do

25  so.

26           Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

27  resulted in a deprivation of his constitutional rights.  See, Ellis v.  Cassidy, 625 F.2d 227 (9th Cir.

28  1980).  The Amended Complaint must specifically state how each Defendant is involved.

1   Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

2   connection between a defendant's actions and the claimed deprivation.  Rizzo v.  Goode, 423,

3   U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.  1980); Johnson v.  Duffy, 588

4   F.2d 740, 743 (9th Cir.  1978).

5          Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

6   be complete in itself without reference to any prior pleading.  As a general rule, an Amended

7   Complaint supersedes the original complaint.  See Loux v.  Rhay, 375 F.2d 55, 57 (9th Cir.

8   1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

9   function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

10  claim and the involvement of each defendant must be sufficiently alleged.  The Amended

11  Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

12  appropriate case number, and be an original signed under penalty of perjury.

13  **E.  ORDER**

14         The Court HEREBY ORDERS:

15     1.      The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

16             complaint form;

17     2.      The Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days

18             from the date of service of this order, Plaintiff SHALL:

19             a.      File an Amended Complaint curing the deficiencies identified by the Court

20                     in this Order, or

21             b.      Notify the Court in writing that he does not wish to file an Amended

22                     Complaint and pursue the action but instead wishes to voluntary dismiss

23                     the case.

24         Plaintiff is forewarned that his failure to comply with this Order may result in a

25  Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

26  IT IS SO ORDERED.

27  **Dated:    July 28, 2006**                        **/s/ Sandra M. Snyder**
    icido3                                  UNITED STATES MAGISTRATE JUDGE

28