IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BENITO FEBRE, | ) | 1:05-cv-00563-OWW-SMS-P |
| | ) | |
| Plaintiff, | ) | |
| | ) | **FINDINGS AND RECOMMENDATION** |
| v. | ) | **RE DISMISSAL OF ACTION FOR** |
| | ) | **FAILURE TO PROSECUTE AND** |
| GEO GROUP INC., et al., | ) | **FAILURE TO STATE A CLAIM FOR** |
| | ) | **RELIEF** |
| Defendants. | ) | (Doc. 7) |
| | ) | |

Benito Febre ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On August 1, 2006, the Court issued an Order dismissing Plaintiff's Complaint and requiring Plaintiff to either file an Amended Complaint curing the deficiencies identified therein OR otherwise notify the Court in writing of his wish to voluntarily dismiss the case, within thirty (30) days from the date of service of that Order. On August 15, 2006, the Order served on

1 Plaintiff was returned by the U.S. Postal Service as
2 undeliverable.  A notation on the envelope indicated: Return to
3 Sender - Inmate Gone.
4     Pursuant to Local Rule 83-183(b), a party appearing in
5 propria persona is required to keep the Court apprised of his or
6 her current address at all times.  Local Rule 83-183(b) provides,
7 in pertinent part:
8     If mail directed to a plaintiff <u>in propria persona</u> by the Clerk is returned by the U.S.
9     Postal Service, and if such plaintiff fails to notify the Court and opposing parties
10    within sixty (60) days thereafter of a current address, the Court may dismiss the
11    action without prejudice for failure to prosecute.
12
13 In the instant case, more than sixty (60) days have passed since
14 Plaintiff's mail was returned, and he has not notified the Court
15 of a current address.
16     In determining whether to dismiss an action for lack of
17 prosecution, the Court must consider several factors: (1) the
18 public's interest in expeditious resolution of litigation; (2)
19 the Court's need to manage its docket; (3) the risk of prejudice
20 to the Defendants; (4) the public policy favoring disposition of
21 cases on their merits; and, (5) the availability of less drastic
22 sanctions.  <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir.
23 1986); <u>Carey v. King</u>, 856 F.2d 1439 (9th Cir. 1988).  The Court
24 finds that the public's interest in expeditiously resolving this
25 litigation and the Court's interest in managing the docket weigh
26 in favor of dismissal.  The Court cannot hold this case in
27 abeyance indefinitely based on Plaintiff's failure to notify the
28 Court of his address.  The third factor, risk of prejudice to the

2

Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with Plaintiff based on Plaintiff's failure to keep the Court apprised of his current address, no lesser sanction is feasible.

     Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Plaintiff's failure to prosecute and because the Complaint fails to state a claim for relief.

     These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15) days** after being served with these Findings and Recommendation, any party may file written Objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any Reply to the Objections shall be served and filed within ten (10) days after service of the Objections.  The parties are advised that failure to file Objections within the specified time may waive the right to appeal the District Court's Order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 14, 2006**                      **/s/ Sandra M. Snyder**
icido3                                             UNITED STATES MAGISTRATE JUDGE